UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHON M. MELLOW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No.  2:18-cv-01262-AC<br><br><br>ORDER |

Plaintiff Shon Mellow commenced this social security action on May 15, 2015.  ECF Nos. 1-3.[1]  On August 30, 2019, the court granted the Commissioner's motion for summary judgment, and denied plaintiff's motion.  ECF Nos. 15, 16.  Plaintiff appealed, and the Ninth Circuit ruled in favor of plaintiff, remanding the case for further proceedings.  ECF Nos. 21, 22.  The undersigned issued an order and judgment effecting the remand of proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entering judgment for plaintiff.  ECF Nos. 23, 24.  Presently pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA").  ECF No. 25.  The Commissioner filed an opposition to plaintiff's motion (ECF No.

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and both parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  ECF Nos. 5, 6.

1

27), and plaintiff filed a reply brief and supplemental request for additional fees. ECF Nos. 31, 32. After considering the parties' briefing and the applicable law, the court grants plaintiff's motion for EAJA fees.

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). Nevertheless, the Commissioner argues that plaintiff is not entitled to an award of fees under the EAJA, because the position of the Commissioner was substantially justified. See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees unless the government shows that its position "with respect to the issue on which the court based its remand was 'substantially justified'").

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis in both law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Gutierrez, 274 F.3d at 1259.

The Commissioner's argument that its position in this case was substantially justified is unpersuasive. The Commissioner argues that the Ninth Circuit remanded the case to the Commissioner on only two out of four arguments, and that the reasoning was narrow. ECF No. 27 at 1-2. The court finds this rationale unpersuasive – a favorable ruling on half of the issues plaintiff raised is significant, and does not explain how the Commissioner's positions were substantially justified as to those issues. The Commissioner further argues that the Ninth Circuit ruled on an "incomplete accounting of the evidence." Id. at 6. This argument ignores that the Ninth Circuit specifically rejected the ALJ's failure to fully account for the evidence – specifically with regard to plaintiff's record of his hearing problems interfering with his communication abilities. ECF No. 21 at 2. A review of the Ninth Circuit's decision in this case as well as the briefing on summary judgment leads the court to conclude that the Commissioner's position was not substantially justified, and that there are no other special circumstances that would make an award of EAJA fees unjust, the court finds that plaintiff is entitled to an award of fees pursuant to the EAJA.

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990);

Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998). The Commissioner argues that plaintiff's proposed award is unreasonable. ECF No. 27 at 2. Specifically, the Commissioner asserts counsel spent time on meritless arguments, billed excessively for summarizing and reviewing the administrative record, and billed for unnecessary outlining and preparation time. Id. at 10-11. Finally, the Commissioner asserts that counsel was not entitled to bill his full hourly rate for preparing the Excerpts of Record in this case, which is an administrative task. Id. at 12. Plaintiff's counsel counters that the administrative record in this case was an exceptionally long 4,300 pages, and counsel was required not only to litigate in the district court but to brief and participate in oral argument at the Ninth Circuit. ECF No. 31 at 1, 7.

Plaintiff submitted a timesheet, with entries broken down by various tasks performed related to the case, showing that plaintiff's counsel spent 126.25 hours at a rate of $203.70 between April of 2018 and February of 2021, supporting his total fee request of $25,716.87. ECF No. 26-3. Counsel seeks costs in the amount of $1,986.11. Id. Counsel seeks an additional $1,942.75 for time spent drafting his reply brief to this motion, raising the total request to $29,645.73. ECF No. 32-2. After an independent review of the time entries and the briefing, the court finds the amount of time spent and the rates charged by plaintiff's counsel to be reasonable. Though this is an unusually high award of EAJA fees, this case also had an unusually long record and an unusually long path to remand. In light of the fact that plaintiff obtained a favorable judgment remanding the case for further administrative proceedings, the amount of fees sought is consistent with the result obtained.

Therefore, the court will award plaintiff EAJA attorneys' fees in the full amount of $29,645.73. The court notes the EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010). Nevertheless, if the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 25) is GRANTED.

2. Plaintiff is awarded attorneys' fees in the total amount of $29,645.73 pursuant to the EAJA.  If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

IT IS SO ORDERED.

DATED: April 1, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE